MICHAEL L. FRADIN (0091739)
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| Marria Spence and Rebecca Barth, *On behalf of themselves and all others similarly situated* <br><br> Plaintiffs, <br><br> v. <br><br> TruGreen, Inc. <br> 860 Ridge Lake Blvd <br> Memphis, TN 38120 <br><br> and <br><br> TruGreen Limited Partnership <br> c/o <br> CT Corporation System, 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> Defendants, | Case No. ---------- <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);** <br> 2. **FRCP 23 Class Action (State-Law Claims):** <br>   a. **Article II, § 34a of the Ohio Constitution** <br>   b. **Ohio Revised Code Chapter 4111: Ohio Minimum Fair Wage Standards Act** <br>   c. **Ohio Revised Code 2307.60: Civil Action For Damages For Criminal Act** <br><br> DEMAND FOR JURY TRIAL |

Now comes Plaintiffs, Marria Spence and Rebecca Barth, by and through their undersigned counsel, and for their Complaint against Defendants, TruGreen, Inc., and TruGreen Limited Partnership (collectively "TruGreen" or "Defendant") and state and allege the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of Article II, § 34a of the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03 and R.C. 2307.60.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA, Ohio Constitutional, and R.C. 2307.60 claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiffs have been citizens of the United States and residents of Ohio.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. Defendant True Green, Inc. is a for profit corporation organized and existing under the laws of the State of Tennessee.

8. At times relevant herein, Defendant conducted business in Ohio as well as across the Country.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Plaintiff Marria Spence's consent is attached as exhibit A. Plaintiff Rebecca Barth's consent is attached as exhibit B. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant operates customer service centers throughout the United States that employ account representatives and compliance representatives and other customer service representatives (hereinafter "representatives").

15. Defendant also employs representatives who work remotely and perform the same tasks as the call center/customer care representatives who work in the call centers.

16. Plaintiff Spence was employed by Defendant at their Columbus South customer service center in Groveport, Ohio from about April 3, 2017 through on or about August 21, 2020.

17. Plaintiff Barth was employed by Defendant at their Columbus South customer

service center in Groveport, Ohio from about May 1, 2017 through on or about September 16, 2020.

18. Like other representatives, Plaintiffs also often worked from home.

19. Plaintiffs and other similarly-situated employees were employed as customer service representatives or performed similar tasks as call center/customer care representatives.

20. Plaintiffs and other similarly-situated employees are non-exempt employees under the FLSA.

21. Plaintiffs and other similarly-situated employees are paid an hourly wage.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22. Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone system.

23. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

24. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

25. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

26. There is no practical administrative difficulty of recording this unpaid work of Plaintiffs' and other similarly-situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems, applications, and phone system.

27. This unpaid work performed by Plaintiffs and other similarly-situated employees

constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

28. Moreover, this unpaid work is an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees. Part of the jobs they were hired to perform included launching Defendant's computer systems, applications, and phone system. They cannot perform their work without bringing up Defendant's computer systems, applications, and phone system.

29. Attached as exhibit C is a true and accurate copy of a July 2, 2020 email from Defendant's customer service supervisor, Ashley Green, to Defendant's customer service representatives, including both Plaintiffs, in which she says:

> There seems to be some confusion on what is considered tardy. Both teams receive the following emails with schedule reminders. This is how EVERY call center tracks attendance. There should only be a minute in between your workday clock and your VCC clock in. This means you need to get here early, get your computer up and running, clock in on workday and log into VCC at your scheduled start time. It's simple, be on time! Please see the highlighted area below, this process has not changed and is not new.

30. The July 2, 2020 email confirms that Defendant maintained a companywide policy that required call center employees to do work prior to logging into the timekeeping system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

31. Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, numerous software applications, and phone systems.

32. Defendant arbitrarily failed to count this work performed by Plaintiffs and other

similarly-situated employees as "hours worked."

33. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

34. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

35. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and phone system and before and after other meetings and work time.

36. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

37. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees.

**(Failure to Pay Overtime Compensation)**

38. As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

39. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

40. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees before clocking in and after clocking out each

day.

**(Plaintiffs and similarly-situated employees were not paid when systems not working)**

41. At all relevant times, Defendant maintained a policy in which its call center/customer service representatives were not paid for time spent when they encountered technical malfunctions.

42. Defendant maintained an illegal policy of not paying its call center/ customer service representatives when they were working but, due technological problems, unable to complete certain tasks which resulted in its call center/customer service representatives not receiving overtime pay that was otherwise due and owing to them.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring Count One of this action on their own behalves pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

44. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is composed of and defined as follows:

> All former and current full-time call center/customer service representatives or persons with jobs performing substantially identical functions and/or duties to call center/customer service representatives employed by TruGreen during the statutory period covered by this Complaint.

45. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of more than 100 persons.

46. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

47. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals should readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings Counts Two and Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current call center/customer service representatives or persons with jobs performing substantially identical functions and/or duties to call center/customer service representatives employed by TruGreen in the State of Ohio during the statutory period covered by this Complaint.

49. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

50. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its customer care/call center/account/compliance representatives for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of R.C. 4111.03 and 4111.10 and Article II, § 34a of the Ohio Constitution.

51. The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class.  Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

52. The named Plaintiffs will fairly and adequately protect the interests of the Ohio Class.  Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiffs' counsel have broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

53. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

55. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

56. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

57. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for all work performed each day, including unpaid pre-shift work, unpaid post-shift work, and unpaid downtime during the workday, and resulting in unpaid overtime violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

58. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

59. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

60. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

61. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

**COUNT TWO**
**(Violations of Ohio Revised Code 4111.03 and Article II, § 34a of the Ohio Constitution)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

62. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

63. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before each day, including unpaid pre-shift work, unpaid post-shift work, and unpaid downtime during the workday, and resulting in unpaid overtime violated the OMFWSA, R.C. 4111.03.

64. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

65. By failing to pay Plaintiffs and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

## COUNT THREE
### Damages Pursuant to O.R.C. § 2307.60
### (On Behalf of Plaintiff and the Rule 23 Class)

66. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

67. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

68. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

69. By their acts and omissions described herein, Defendant has willfully violated the FLSA and Plaintiffs and the Rule 23 Class have been injured as a result.

70. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

71. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

D. Award Plaintiffs and the classes they represent actual damages for unpaid wages;

E. Award Plaintiffs and the Rule 23 Class compensatory and punitive damages pursuant to O.R.C. 2307.60;

F. Award Plaintiffs and the classes they represent statutory liquidated damages;

G. Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rates

H. Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

I. Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Michael L. Fradin*
Michael Fradin (0091739)
8 N. Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
Fax: 847-673-1228
Email: mike@fradinlaw.com

/s/ *Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
4580 Stephen Circle, NW
Suite 201
Canton, Ohio 44718
P:(330) 470-4428
Fax:(330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all eligible claims and issues.